IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROBERT SCOTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.  03-3265 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

OPINION
---

JEANNE E. SCOTT, U.S. District Judge:

  This matter came before the Court on February 12, 2007, for an evidentiary hearing on one aspect of Petitioner Robert Scott's Motion to Vacate, Correct, or Set Aside his conviction and sentence pursuant to 28 U.S.C. § 2255 (d/e 1) (Petition).  Scott appeared in person and by his attorney John M. Madonia.  The Government appeared by its counsel Assistant United States Attorney Timothy A. Bass.  A jury found Scott guilty of conspiracy to possess with intent to distribute and distribution of narcotics, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(vii).  On September 25, 2000, this Court sentenced Scott to 326 months imprisonment. <u>United States v. Scott</u>, 116 F.Supp.2d 987 (C.D.Ill. 2000).

The Seventh Circuit affirmed.  United States v. Scott, 284 F.3d 758 (7th Cir. 2002).  In his Petition, Scott raised twenty-two grounds to set aside his conviction and sentence.  This Court analyzed those grounds in detail and determined that Scott was entitled to an evidentiary hearing on one issue: whether his appellate counsel was ineffective for raising on direct appeal Scott's claims of ineffective assistance of counsel at trial.  Opinion entered July 19, 2006 (d/e 23) (Opinion), at 23-24.  The Court dismissed all of Scott's other claims.  Id., at 26.  After careful consideration of the evidence, the arguments of the parties, and the supporting material submitted by the parties, the Court finds that Scott's appellate counsel was effective.  The Court, therefore, dismisses the one remaining claim raised in Scott's Petition.

## BACKGROUND

Attorney Sean Nash represented Scott on appeal.  Nash did not represent Scott at the trial level.  Nash raised on direct appeal the issue of the effectiveness of Scott's trial counsel.  Nash was questioned by the Court of Appeals' panel at oral argument on whether he wanted to pursue this claim on direct appeal.  Opinion, at 11-14.  A Court of Appeals' panel member stated that in the one hundred ten year history of the Seventh

2

Circuit, an ineffective assistance claim had never succeeded on direct appeal because the record on direct appeal was insufficient to demonstrate trial counsel's ineffectiveness. Id., at 12-13. Scott needed to raise this issue in a habeas proceeding in order to develop an evidentiary record to demonstrate his trial counsel's ineffectiveness. The Court of Appeals further stated that if Nash continued to press the ineffective assistance issue on direct appeal, Scott would be precluded from raising it in the subsequent § 2255 proceeding. Id., at 12. Nash responded: "I've, I've, I've gone over the risks with my client to the best of my ability, I've stated exactly what you stated to me and he wants to pursue this." Id., at 13 (quoting Petition, Addendum, Exhibit M, Transcript of Oral Argument Held December 6, 2001, at 2). Based on Nash's statement, the Court of Appeals allowed Nash to proceed with the issue on appeal. Scott has submitted a declaration denying that Nash had advised him of the risks of raising this issue on direct appeal. Petition, Addendum, Exhibit L, Declaration of Robert Scott, ¶ 17.

The Court of Appeals rejected the ineffective assistance claim and noted that Nash had insisted on going ahead with the claim on direct appeal. United States v. Scott, 284 F.3d at 761. The adverse decision by the Court of Appeals on the issue of the effectiveness of Scott's trial counsel

3

became the law of the case and precluded Scott from raising it in this proceeding. Opinion, at 15-17. Thus, the question before the Court is whether Nash's alleged ineffective assistance on appeal caused Scott to lose the opportunity to challenge his trial counsel's effective assistance in this proceeding. Id., at 23-24. This Court determined that an evidentiary hearing was necessary to determine whether Nash had adequately advised Scott of the risks of raising ineffectiveness of trial counsel on direct appeal. Opinion, at 24.

## THE EVIDENTIARY HEARING

Scott and Shon Hopwood testified on Scott's behalf at the hearing. Hopwood is a fellow inmate in federal prison. Hopwood is not an attorney, but he has studied law extensively and assisted Scott in preparing for his appeal. He and Scott prepared sample briefs for Nash on several issues, including ineffective assistance of counsel. Scott believed his trial counsel, Michael Metnick, was clearly ineffective. Metnick's mother was going to undergo surgery shortly after the trial; Scott believed Metnick made decisions to speed the trial because of this scheduled surgery. Metnick agreed to the admissibility of certain telephone and motel records over Scott's objection. Metnick advised Scott not to testify, and Scott ultimately

4

decided not to testify. During the trial, Metnick began showing symptoms of a physical illness. His speech was slurred. He stumbled. His throat became dry. He lost his train of thought. By the end of the trial, Metnick started wearing a patch over one eye. After the trial, Metnick was diagnosed as having Multiple Sclerosis (MS). Opinion, at 4-8. Scott believed the record clearly showed Metnick's ineffectiveness.

Hopwood and Scott researched whether Scott should raise ineffective assistance of trial counsel on direct appeal. Hopwood found a line of cases that included the case of Guinan v. United States, 6 F.3d 468 (7th Cir. 1993). Scott read these cases to hold that a defendant was required to raise ineffective assistance of counsel on direct appeal if: (1) he had different counsel on appeal than he had at trial; and (2) the ineffectiveness was clear on the appellate record. Scott believed that, otherwise, the issue would be waived and could not be raised in a subsequent § 2255 petition. Id., at 471.[1] Hopwood testified that he did not believe that these cases required Scott to raise ineffective assistance on direct appeal. Hopwood was worried

---

[1]The Supreme Court subsequently held that defendants are not required to raise ineffective assistance of counsel on direct appeal; the issue can always be reserved for a subsequent § 2255 proceeding. Massaro v. United States, 538 U.S. 500, 504 (2003).

3:03-cv-03265-JES   # 40   Page 6 of 11

that Scott would forfeit the issue if he raised it on direct appeal. Scott, however, thought that he had to raise the issue on direct appeal because: (1) he had different counsel on appeal and (2) he believed that the ineffectiveness was apparent on the record.

Scott and Hopwood sent these cases (along with material on other issues) to Nash for his review. Nash and Scott never met in person, but had several telephone conversations about the appeal. Hopwood never participated in any conversations with Nash. According to Scott, Nash told Scott that ineffective assistance was usually raised in a § 2255 proceeding rather than on direct appeal. Scott testified that Nash did not try to talk him out of raising the issue on direct appeal. Scott stated that Nash told him that he could still raise other ineffective assistance of counsel issues on collateral attack even if Scott raised the issue on direct appeal. Scott understood this to mean other issues of ineffective assistance that were not clearly shown in the record on direct appeal. Scott said that Nash never told him that he could lose the opportunity to raise the issue in a § 2255 proceeding. Scott stated that he still felt obligated to raise the issue on direct appeal because he had different counsel and because he believed Metnick's ineffective assistance was apparent on the record.

The Government then called Nash to the stand. Nash testified that he formed a team at his firm to handle the appeal. A senior partner at the law firm also reviewed Nash's briefs. Nash reviewed the trial records and researched issues. He stated that he talked to Scott by telephone two to three times a week. Nash testified that he reviewed the <u>Guinan</u> case and the other materials sent to him by Scott. He and his team also did their own research on all of the possible issues for direct appeal, including ineffective assistance of counsel.

Nash testified that he advised Scott not to raise ineffective assistance of counsel on direct appeal. He testified that he told Scott that he saw nothing in his research that gave Scott any chance of prevailing on the issue on direct appeal. He testified that he told Scott that raising ineffective assistance of counsel on direct appeal would foreclose Scott from raising the issue in a subsequent § 2255 proceeding. According to Nash, he told Scott that his best bet was to raise the ineffective assistance issue in a § 2255 proceeding because he could develop an evidentiary record. Nash told Scott that if he raised the matter on direct appeal, then the only way he could raise the issue in a § 2255 proceeding was if Scott could find newly discovered evidence that was not then available. Nash testified that he

advised Scott not to raise the issue on direct appeal.

Nash stated that even after giving Scott this advice, Scott insisted on raising ineffective assistance of counsel on direct appeal. Nash testified that Scott was adamant. Nash testified that Scott was so insistent on raising the issue on direct appeal that Nash believed he was obligated to raise the issue.

## ANALYSIS

To establish ineffective assistance of counsel, Scott must show: (1) Nash's performance fell below an objective standard of reasonableness, and (2) Nash's deficient performance resulted in prejudice to the Defendant. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). If Nash advised Scott not to raise the issue on direct appeal and explained the risks to Scott, and Scott rejected his advice and told him to raise the issue anyway, then there was no ineffective assistance. Nash was only following his client's instructions. See Jones v. Page, 76 F.3d 831, 847 (7th Cir. 1996).

In this case, the Court, after weighing the testimony presented at the evidentiary hearing and carefully considering all of the other evidence presented, finds that Nash's testimony was credible. Nash properly advised Scott not to raise the issue on direct appeal. Nash told Scott that he saw no reason to believe that he would prevail on this issue on direct appeal, and

8

that Scott would be foreclosed from raising the issue of ineffective assistance on collateral attack, including a § 2255 proceeding.[2] Scott admits that Nash told him that the issue was normally raised in a § 2255 proceeding. Scott's testimony to the contrary is not credible.[3]

Scott rejected the advice of Nash because he believed the Guinan line of cases required raising the issue on direct appeal. He believed that Metnick's ineffectiveness was clear on the record. Scott also dismissed Hopwood's concerns that Scott might forfeit the issue if he raised it on direct appeal. Scott had the advice of Nash and knew the concerns of Hopwood, but made the decision to pursue the issue on direct appeal anyway based on his own interpretation of these cases. Nash, thus, was only following his client's informed instructions. Nash was not ineffective. Jones, 76 F.3d at 847.

Scott attempts to distinguish this case from the principle set forth in

---

[2]Nash told Scott that he could only raise the issue on collateral review if he found newly discovered evidence; otherwise he would be foreclosed. Under some circumstances, newly discovered evidence may create an exception to the law of the case doctrine that has barred Scott from raising ineffectiveness of trial counsel in this proceeding. See Shore v. Warden, Stateville Prison, 942 F.2d 1117, 1123-24 (7th Cir. 1991). Thus, Nash was also correct in advising Scott of this limited exception that might allow an ineffectiveness claim to proceed.

[3]Hopwood did not personally participate in any communications with Nash and so has no personal knowledge of any of Nash's advice and counsel to Scott.

9

Jones v. Page because Nash was acting as appellate counsel rather than trial counsel. Scott argues that, although trial counsel are effective if they follow their client's informed instructions, appellate counsel are held to a different standard; they can be ineffective if they follow the client's instructions. Scott cites several cases that hold that appellate counsel provide effective assistance even if they elect not to raise issues that their clients have instructed them to raise. E.g., Jones v. Barnes, 463 U.S. 745 (1983); United States v. Knox, 287 F.3d 667 (7th Cir. 2002).

However, none of the cases cited by Scott hold that an appellate counsel must refuse to follow his client's informed instructions. This Court will not so hold. In this case, Nash fully informed his client of the risks; he advised against pursuing the issue on direct appeal; and his client adamantly rejected his advice and insisted that the issue be raised on appeal. Nash's sense of loyalty to his client compelled him to comply with his client's wishes. An attorney in such a situation does not fall below the objective standard of reasonableness by honoring his client's informed decision. There was no ineffective assistance. Smith's last claim in his Petition is dismissed.

THEREFORE, Petitioner Robert Scott's Motion to Vacate, Correct,

or Set Aside his conviction and sentence pursuant to 28 U.S.C. § 2255 (d/e 1) is DISMISSED. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: March 15, 2007.

    FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE